IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GUADALUPE SERNA | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Cause No. 3:22-cv-00068 |
| JUAN W. RUIZ and RITEWAY TRUCKING INC. | § § § § | |
| *Defendants*. | | |

## JOINT NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to sections 1332, 1441, and 1446, Title 28 of the United States Code, Juan W. Ruiz ("Mr. Ruiz") and Riteway Trucking, Inc. ("Riteway") respectfully file this Joint Notice of Removal, removing Cause No. 2021DCV3099 from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, as follows:

### I.  Procedural History

1.     On August 31, 2021, Plaintiff Guadalupe Serna ("Ms. Serna") filed her Original Petition in the 327th Judicial District Court of El Paso County, Texas, bearing the caption: *Guadalupe Serna v. Juan W. Ruiz and Riteway Trucking, Inc.*, Cause No.: 2021DCV3099, based on a motor vehicle accident, which occurred in El Paso County, Texas and allegedly resulted in injuries to Ms. Serna.  Ex. A., State Court Record, Pl.'s Orig. Pet. at 1.

2.     Mr. Ruiz was served on January 4, 2022, and timely answered. Riteway was also served on January 28, 2022, and timely answered.

3. In the Original Petition, Ms. Serna admits she is a resident of El Paso County, Texas. *Id*. at 1.

4. Ms. Serna also admits Mr. Ruiz is not a resident of Texas and is a citizen of the State of Florida. *Id.* at 2.

5. Ms. Serna further admits Riteway is a Florida corporation and not a resident of Texas. *Id*. at 1. Specifically, Riteway is incorporated at 103 B Broadway Kissimmee Florida 34741. Ex. B, Motor Carrier Details.

6. Ms. Serna seeks damages in excess of $250,000.00 but not in excess of $1,000,000.00. Ex. A, State Court Record, Pl.'s Orig. Pet. at 8. Ms. Serna has requested a jury trial. *Id.* at 9.

7. Mr. Ruiz and Riteway now timely remove this case to federal court.

## II.  Grounds for Removal

8. Subject matter jurisdiction exists, in this case, pursuant to section 1332. Therefore, removing this case to federal court is proper because the amount in controversy is in excess of $75,000, and diversity exists among the Parties.

### A.  The amount in controversy exceeds $75,000.

9. Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

10. Ms. Serna seeks damages in excess of $250,000.00 but not in excess of $1,000,000.00. Ex A, State Court Record, Pl.'s Orig. Pet. at 8. Therefore, the amount in controversy is satisfied.

### B.  Total diversity exists among the parties.

11. An out-of-state defendant may remove a case to federal court if total diversity exists. *Flagg v. Stryker Corp.*, 819 F.3d 132, 135-36 (5th Cir. 2016).

12.     Diversity of citizenship exists because Ms. Serna's citizenship is diverse from Mr. Ruiz's citizenship in that (1) Ms. Serna is a citizen of the State of Texas, and (2) Mr. Ruiz is a citizen of the State of Florida. *Id.* at 1-2.

13.     Riteway is also diverse from Ms. Serna. A corporation is considered a citizen of (1) every U.S. State and foreign state where it is incorporated, and (2) the U.S. State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(2011). Riteway's registered office is in the State of Florida and maintains its principal place of business in Florida. Ex. B, Motor Carrier Details. Thus, complete diversity exists.

### III.  Proper Venue and Compliance with Removal Procedure

14.     Pursuant to section 1441(a), removal to this Court is proper as the accident occurred in El Paso County, Texas. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").

15.     Removal of this matter to federal court is timely as Riteway removed this matter within thirty (30) days of being served with a copy of Plaintiff's Original Petition, the point at which this matter became removable, *see* 28 U.S.C. § 1446(b)(2)(B), and within one year of the commencement of this action. *Id.* § 1446(c)(1).

16.     Removal of this matter is based solely on diversity, and under federal court, removal is timely as Mr. Ruiz and Riteway removed this matter within one year of the commencement of this action. *Id.* § 1446(c)(1).

17.     Riteway and Mr. Ruiz will properly give Ms. Serna written notice of filing this Notice of Removal as required by section 1446(d). Mr. Ruiz and Riteway will also promptly file a copy of

3

this Notice of Removal with the 327th Judicial District Court of El Paso County, Texas, Cause No. 2021DCV3099.

18. True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a). *See* Ex. A, State Court Record.

Accordingly, Juan W. Ruiz and Riteway Trucking, Inc., pursuant to and in conformity with the requirements outlined in section 1446, respectfully remove Cause No. 2021DCV3099 from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

    Respectfully submitted,

    RINCON LAW GROUP, P.C.
    1014 N Mesa St., Ste. 200
    El Paso, Texas 79902
    (915) 532-6800 (Telephone)
    (915) 532-6808 (Facsimile)

By:   */s/ Oscar A. Lara*
    CARLOS RINCON
    State Bar No. 16932700
    CRincon@rinconlawgroup.com
    OSCAR A. LARA
    State Bar No. 24078827
    OLara@rinconlawgroup.com

    *Attorneys for Juan W. Ruiz and Riteway Trucking Inc.*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record via the Court's electronic service and via email, as follows, on this 24th day of February, 2022:

    */s/ Oscar A. Lara*
    OSCAR A. LARA